# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:04CV557

| | |
|---|---|
| JAMES ISAAC DRAYTON,       )<br>                            )<br>    Plaintiff,         )<br>                            )<br>    v.                  )<br>                            )<br>J.M. COWELL, individually and )<br>officially, in his capacity as a police officer )<br>of the Charlotte-Mecklenburg Police )<br>Department,                 )<br>                            )<br>    Defendant.         )<br>_____ ) | <u>    ORDER    </u> |

**THIS MATTER IS BEFORE THE COURT** on "Defendant J.M. Cowell's Motion and Supporting Memorandum to Re-Open Discovery and to Permit Expert Testimony" (Document No. 57), filed September 14, 2006 and a hearing on the motion on September 26, 2006. The parties have consented to magistrate jurisdiction under 28 U.S.C. § 636(c), and this matter is now ripe for disposition.

Having carefully considered the record, the pleadings, and the arguments of the parties, the undersigned will <u>deny</u> the motion.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed a Complaint (Document No. 1) on November 2, 2004 pursuant to 42 U.S.C. § 1983, alleging Defendant violated his Fourth Amendment rights on December 26, 2003, by fracturing his thumbs while handcuffing him. Defendant denies he used any force against Plaintiff that would result in fractured thumbs. This matter was tried before a jury during the May 15, 2006 session of Court resulting in a mistrial. The case is re-scheduled for trial during the Court's October

30, 2006 session. Defendant contends that the principal issue at trial will be when and how Plaintiff's thumbs were fractured.

Expert medical evidence explaining how and when Plaintiff's thumbs were fractured was not presented in the first trial. In initial pretrial disclosures, Plaintiff identified three physicians, a radiologist and a nurse as potential witnesses under Fed. R. Civ. P. 26(a)(1)(A), including Dr. Stephen Ward who was identified as "attending physician who performed surgery on Mr. Drayton." However, neither party identified any expert witnesses for trial. Defendant now contends that discovery should be re-opened and that Dr. Ward should be permitted to testify as an expert.

## II. DISCUSSION

As Defendant's "Motion and Supporting Memorandum ..." acknowledges, Defendant did not identify Dr. Ward as an expert witness as required by Fed. R. Civ. P. 26(a)(2)(A) or provide a written report identifying all opinions to be expressed under Fed. R. Civ. P. 26(a)(2)(B). Defendant also recognizes that Fed. R. Civ. P. 37(c)(1) describes the consequences of a party's failure to comply with Rule 26(a): "A party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

The issue now before the Court is whether Defendant offers "substantial justification" for failing to disclose the information required under Rule 26, or in the alternative, whether that failure is "harmless" so that Dr. Ward should be allowed to give expert testimony at the re-trial.

Plaintiff contends that there is no substantial justification for the Defendant's failure to identify expert witnesses in a timely manner and that Defendant had ample opportunity to adhere to the requirements of Rule 26.

Defendant cites <u>Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.</u>, 318 F.3d 592

(4th Cir. 2003), which discusses whether exclusion of testimony is an appropriate sanction for late disclosure to an opposing party. In that opinion, the Fourth Circuit stated

> in determining whether a party's nondisclosure of evidence was substantially justified or harmless ... for purposes of a Rule 37(c)(1) analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Southern States Rack & Fixture, Inc. V. Sherwin Williams Co., 318 F.3d at 596-97.

The Court has no doubt that Defendant's "Motion to Re-Open Discovery and Permit Expert Testimony" is made in good faith and in the interest of making all pertinent information available at the re-trial. However, weighing the factors identified by the Fourth Circuit in Southern States Rack & Fixture, Inc., the undersigned is not persuaded that Defendant has presented an adequate explanation or substantial justification for its failure to disclose the proposed testimony sooner. Defendant failed to identify Dr. Ward as a source of expert testimony prior to the first trial, or even in the subsequent interim between May 17, 2006 and September 14, 2006.

The undersigned is also concerned that granting Defendant's motion would inflict undue prejudice on the Plaintiff. The additional time and expense necessary to attempt to cure the likely prejudice, especially on short notice, would be an unfair burden on a Plaintiff ready to go to trial.

### III. CONCLUSION

The Court cannot find that Defendant's delay is substantially justified or that notice to Plaintiff, now less than five weeks prior to trial, is harmless.

**IT IS, THEREFORE, ORDERED** that "Defendant J.M. Cowell's Motion ... to Re-Open Discovery to Permit Expert Testimony" is **DENIED**.

Signed: September 27, 2006

David C. Keesler
United States Magistrate Judge